UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

RODNEY C. RIDDELL, )
)
    Petitioner, ) Civil Case No.
) 5:13-cv-18-JMH
v. )
) **MEMORANDUM OPINION & ORDER**
FRANCISCO QUINTANA, *Warden*, )
)
    Respondent. )

          **** **** **** ****

Rodney C. Riddell ("Riddell") is an inmate confined in McDowell Federal Correctional Institution ("FCI") located in Welch, West Virginia.[1] Proceeding without counsel, Riddell has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1]; [R. 5].[2] Riddell has paid the $5.00 filing fee.

The court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (unpublished). The court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

---

[1] When Riddell filed this proceeding, he was confined in the Federal Medical Center in Lexington, Kentucky. Riddell's subsequent transfer to FCI-McDowell did not deprive this court of jurisdiction over his § 2241 petition. *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002) (unpublished).

[2] Riddell's second § 2241 petition [R. 5] contains essentially the same information as his original § 2241 petition.

relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

The court evaluates Riddell's petitions under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the court accepts Riddell's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petitions, the court must deny them because Riddell can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

The court can not obtain complete information about Riddell's criminal conviction because it predated the advent of the federal court system's online PACER database. However, based on the allegations in Riddell's § 2241 petition and information from Riddell's subsequent court proceedings which are accessible through PACER, it appears that in September 2001, Riddell was charged with being a convicted felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). *United States v. Riddell*, No. IP 01-107-CR-01 B/F, (S. D. Ind. 2001). Riddell pleaded guilty to the charge, was sentenced in November 2002 as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and received a 180-month prison sentence. Riddell

appealed, but voluntarily dismissed his appeal with prejudice on June 16, 2003.

In May, 2004, Riddell filed his first motion to vacate his sentence under 28 U.S.C. § 2255. *United States v. Riddell*, No. 1:04-CV-894-SEB-VSS, (S.D. Ind. 2004) [R. 1, therein]. In his first § 2255 motion, Riddell alleged that (1) during his various state court criminal proceedings which preceded his federal prosecution, he received ineffective assistance of counsel in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution; (2) during his federal criminal prosecution, his attorney rendered ineffective assistance of counsel by not objecting to the use of his three prior state court convictions as predicates for a § 924(e) sentencing enhancement and by failing to adequately represent him during the appeal process, all in violation of his Sixth Amendment rights; and (3) the government did not honor its commitments set forth in the Plea Agreement. [R. 1, therein].

On October 13, 2004, the district court denied Riddell's first § 2255 motion, finding that Riddell could not collaterally challenge the alleged ineffectiveness of his counsel in his state court criminal proceedings by way of a § 2255 motion, and that Riddell had not been denied effective assistance of counsel during his federal firearm prosecution. [R. 8 at 1-2, therein]. The district court also rejected Riddell's claim that the government

3

breached the terms of the Plea Agreement, noting that (1) Riddell stipulated in the Plea Agreement that he faced a minimum 15-year sentence under § 924(e) if the sentencing court determined that he qualified as an armed career criminal, and (2) the sentencing court did in fact determine at sentencing that Riddell's prior state court convictions rendered him an armed career criminal as defined by § 924(e). [R. 8 at 2, therein]. The district court later denied Riddell a certificate of appealability. [R. 16, therein]. The Seventh Circuit dismissed Riddell's appeal for failure to pay the appellate filing fee. [R. 20, therein; *see also United States v. Riddell*, No. 04-4311 (7th Cir. 2005)].

On November 23, 2009, Riddell filed a motion in the sentencing court seeking relief from his sentence under Federal Rule of Civil Procedure 60(b). *Riddell v. United States*, No. 1:09-CV-01454-SEB-DML, (S.D. Ind. 2009) [R. 1, therein]. Riddell again argued that the sentencing court erred by concluding that he was an armed career criminal under § 924(e) based on his three prior state court criminal convictions. [R. 1, therein]. On November 24, 2009, the district court construed Riddell's Rule 60(b) motion as the practical equivalent of an unauthorized successive § 2255 motion and denied the motion for lack of subject matter jurisdiction. [R. 2, therein]. Riddell did not appeal that order.

In his § 2241 petitions currently before this court, Riddell challenges both his underlying § 922(g) conviction and the prison

4

sentence he received. Riddell first claims that during various stages of his federal criminal prosecution, including the appeal process, he received ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. Specifically, Riddell asserts that his attorney failed to adequately investigate his criminal history, failed to argue at sentencing that his prior state court convictions constituted a single criminal episode, and failed to object to the use of his three prior state court convictions to support the § 924(e) sentencing enhancement. [R. 3 at 2-4]. Riddell further alleges that after he appealed his sentence, his attorney gave him incorrect legal advice on which he based his decision to voluntarily dismiss his appeal. [R. 3 at 4].

Riddell also challenges his sentence, arguing that it exceeds the statutory maximum for a § 922(g) offense [R. 1 at 7], and that the sentencing court improperly treated his state court convictions as three separate convictions instead of one single criminal episode. [R. 3 at 3-4]. As to these alleged sentencing errors, Riddell alleges he was denied due process of law in violation of the Fifth Amendment of the U.S. Constitution. [R. 1 at 7].

Riddell asks that his conviction be vacated and that he be re-sentenced pursuant to the provisions of 18 U.S.C. § 924(a)(2), instead of as an armed career criminal under § 924(e). Riddell requests a sentence which does not exceed the 10-year statutory maximum. [R. 1 at 8].

5

**DISCUSSION**

Riddell is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Riddell alleges that (1) his underlying § 922(g) firearm conviction was unconstitutional because he was allegedly denied effective assistance of counsel during various stages of his criminal proceeding, and (2) the sentencing court erred by determining that he was an armed career criminal and by imposing a sentence which exceeded the statutory maximum. However, § 2241 is not the mechanism for asserting such challenges; rather, § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Nos. 4:07-CR-12, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010) (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).

Section 2255(e) provides a narrow exception to this rule, as it permits a prisoner to challenge the legality of his conviction through a § 2241 petition when his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. § 2255(e). The only circumstance in which a prisoner may take

advantage of this provision is when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004) (unpublished) (citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("[I]t appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")). This exception does not apply when the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he asserted his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Under this framework, Riddell has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention. Riddell argued in his first § 2255 motion that during both the sentencing and appellate phases of his federal criminal proceeding he had been denied effective assistance of counsel, but the sentencing court addressed and rejected those claims on their merits in October 2004. Riddell merely reiterates the same Sixth Amendment claims in his § 2241 petition.

The remedy provided under § 2255 is not rendered inadequate

and ineffective if, as in Riddell's case, the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002) (unpublished); *Bautista v. Shartle*, No. 4:09-CV-2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 "is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758 (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The burden is on the § 2241 petitioner to establish that his remedy under § 2255 was inadequate or ineffective to challenge his detention. *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003). Because Riddell does nothing more than reiterate the same Sixth Amendment claims he unsuccessfully advanced in his first § 2255 motion, and which he again unsuccessfully tried to advance his second § 2255 motion, he has not carried that burden as to his Sixth Amendment claims.

Additionally, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v.*

*United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must cite a "new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 133 L.Ed.2d 472 (1995)." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003) (unpublished); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Riddell can not make that showing as to his Sixth Amendment claims because he has not cited a new rule of law made retroactive by the United States Supreme Court. In arguing that he was denied effective assistance of counsel during his federal criminal prosecution, Riddell extensively cited the case of *Strickland v. Washington*, 466 U.S. 668 (1986). As discussed, however, Riddell previously challenged his trial counsel's performance under *Strickland* in his first § 2255 motion, specifically, his attorney's alleged failure to object to the ACCA enhancement, and was unsuccessful in those efforts. Regardless, Riddell's allegations require the Court to determine whether the holdings of two Supreme Court cases decided last year, *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1375 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), support his Sixth Amendment claims.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the

9

offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland*. *Frye*, 132 S. Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id*.

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S. Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*. The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly,

10

or to leave the convictions and sentence from trial undisturbed." *Id*. at 1391.

*Frye* and *Lafler* do not support Riddell's Sixth Amendment claims because they are factually inapposite to the facts of his case. Even if the two cases were factually similar, neither of them apply retroactively to cases on collateral review, such as Riddell's § 2241 petition. Four federal circuit courts have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (holding that *Frye* and *Lafler* "did not break new ground or impose a new obligation on the State or Federal Government" and, therefore, "neither case decided a new rule of constitutional law."); *see also In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (same); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012) (same); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012) (same).

Finally, to the extent that Riddell claims that his ACCA-enhanced prison sentence, which he is currently serving, violates the Fifth Amendment, he cannot proceed because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See United States v. Peterman*, 249 F.3d. 458, 462 (6th Cir. 2001);

*Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). This court has rejected claims brought by § 2241 petitioners alleging that the sentencing court improperly enhanced their federal convictions based upon prior state convictions, and the Sixth Circuit has approved that approach. *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316, at *2 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. Mar. 15, 2013) ("Because innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense, a prisoner's § 2255 remedy is not considered an inadequate or ineffective method of challenging his federal detention."); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same); *Johnson v. Cauley*, No. 09-52-HRW, 2009 WL 2356152, at *2 (E.D. Ky. July 29, 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (same).

For these reasons, Riddell has not demonstrated that he is entitled to relief either from his § 922(g) conviction or his 180-month sentence under § 2241. Riddell's petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Rodney C. Riddell's petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1 and R. 5] are **DENIED**;

2. The Court will enter an appropriate judgment; and

3.   This matter is **STRICKEN** from the active docket.

This the 26th day of April, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge